JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge
West Coast Office
JEANNE M. FRANKEN
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue, Room 7-5395
P.O. Box 36028
San Francisco, California 94102-3463
Telephone: (415) 436-6644
Telefax: (415) 436-6632
E-mail: jeanne.franken@usdoj.gov

Of Counsel:
PATRICIA E. BYRNE
Attorney Adviser
Office of Chief Counsel
Maritime Administration
U.S. Department of Transportation
400 Seventh Street, SW, Room 7313
Washington, D.C. 20530
Telephone: (202) 366-5172

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Civil No.: CV07-6162 BZ |
| Plaintiff, | ) AT LAW AND IN ADMIRALTY |
| v. | ) |
| Tackle, apparel, furnishings, spares, tools, equipment and certain other appurtenances of the SS INDEPENDENCE (O.N. 261147), in rem, | ) CASE MANAGEMENT STATEMENT ) BY PLAINTIFF UNITED STATES |
| Defendant. | ) |

    Pursuant to this Court's orders, the Local Rules of Court and the Federal Rules of Civil Procedure, plaintiff United States submits this case management conference statement.

CASE MANAGEMENT STATEMENT
BY PLAINTIFF USA      1      Case No. CV07-6162 BZ

No appearance has been made to date on behalf of the defendant res, nor by any alleged owner or other lien claimant.

1. <u>Jurisdiction and Service</u>:

This is a ship mortgage foreclosure action in admiralty by the United States of America, pursuant to Rule 9(h) of the Fed.R.Civ.Pro., against certain furnishings, equipment, appurtenances, etc., of the vessel previously known as the SS INDEPENDENCE, <u>in rem</u>. The aforesaid defendant items are being held at an office of the United States Maritime Administration ("MARAD") in San Francisco and in its warehouse in Alameda, and thus within this District and the jurisdiction of this Court. The Government previously foreclosed on the ship in a proceeding in the Eastern District of California, where the vessel was sold and its sale confirmed, in partial satisfaction of its indebtedness to the Government under the mortgage. A significant deficiency remains.

Service by regular mail was made on the last known owner of the aforesaid defendant items, which entity is believed to have been discharged in Bankruptcy, and one known entity with a possible lien. The Marshal arrested the defendant items last week in San Francisco and Alameda, and turned them over for safekeeping to the Court appointed substitute custodian at MARAD. The Marshal will publish the arrest in the immediate future in the form approved by the Court, which form was attached to the maritime warrant of arrest issued by the Court.

2. <u>Facts</u>:

The owner of the SS INDEPENDENCE defaulted on Government guaranteed obligations which led to the turn over of the ship and its equipment, appurtenances, etc., to MARAD after relief from the Bankruptcy stay was obtained; movement of the vessel itself to and arrest in the Eastern District of California; and its eventual sale in that District in partial satisfaction of amounts owing to the Government. Some equipment and appurtenances of the ship, mostly from its gift shop, were retained for safekeeping in

MARAD facilities in the Northern District of California, and are now the subject of this separate admiralty foreclosure action.

3. <u>Legal Issues</u>:

It does not appear at this time that the Government's claims will be challenged.

4. <u>Motions</u>:

The United States applied for and obtained a warrant of arrest for the aforesaid appurtenances, and thereafter applied for and obtained an order appointing a substitute custodian for those items following their arrest. The United States anticipates moving for default at the appropriate time, and for interlocutory sale of the items by the Marshal thereafter, which, upon confirmation, will likely conclude this action, unless intervenors appear to assert liens against either the items or the proceeds from their sale, if any.

5. <u>Amendment of Pleadings</u>:

None anticipated at this time.

6. <u>Evidence Preservation</u>:

The documents presented with the Complaint constitute the primary evidence of the mortgage and the obligations in this case. Otherwise, the client agency has been instructed to preserve its files.

7. <u>Disclosures</u>:

No other parties have appeared to date. The basic documents in support of the Government's case are attached to its Complaint.

8. <u>Discovery</u>:

None anticipated at this time, unless some entity or person seeks to intervene.

9. <u>Class Actions</u>:

Not applicable.

10. <u>Related Cases</u>:

None are know to be presently pending. The aforementioned action against the vessel

1  in the Eastern District has been concluded.

2  11. <u>Relief</u>:

3      The United States seeks to sell the defendant appurtenances in an admiralty sale and
4  apply the proceeds to the outstanding deficiency.

5  12. <u>Settlement and ADR</u>:

6      Not applicable, unless some entity or person seeks to intervene.  A conference is
7  scheduled with the ADR clerk on March 26, 2008.

8  13. <u>Consent to Magistrate Judge for All Purposes</u>:

9      The United States has so consented.

10  14. <u>Other References</u>:

11      Nothing.

12  15. <u>Narrowing of Issues</u>:

13      Nothing.

14  16. <u>Expedited Schedule</u>:

15      Once the appropriate notice has been published, arrangements have been made for
16  sale, and the time for appearance has run and default taken, the United States intends to move
17  for interlocutory sale of the defendant items, <u>in rem</u>, which upon confirmation of the sale and
18  distribution of any proceeds therefrom, will likely conclude this case.

19  17. <u>Scheduling</u>:

20      The United States suggests a further case management conference in 4 months time.

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27
28  CASE MANAGEMENT STATEMENT
    BY PLAINTIFF USA     4     Case No. CV07-6162 BZ

18. <u>Trial</u>:

   At this time it appears that a trial will not be necessary in this case.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:

   None are known to the United States at this time.

Dated: March <u>24</u>, 2008

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge
West Coast Office


   /s/ Jeanne M. Franken
JEANNE M. FRANKEN
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division

Of Counsel:
PATRICIA E. BYRNE
Attorney Adviser
Office of Chief Counsel
Maritime Administration
U.S. Department of Transportation

Attorneys for Plaintiff
United States of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2008, I served a copy of the foregoing Case Management Statement by first-class mail, postage prepaid, upon the following:

Francis A. Monaco, Jr., Esq.
Joseph J. Bodnar, Esq.
Walsh Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, Delaware 19801

David S. Heller, Esq.
Josef S. Athanas, Esq.
Timothy A. Barnes
Latham & Watkins
Suite 5800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606

Hopeman Brothers Marine Interiors LLC
435 Essex Avenue
Waynesboro, Virginia 22980

s/Jeanne M. Franken
_____
JEANNE M. FRANKEN