GREGORY G. KATSAS
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge
West Coast Office
JEANNE M. FRANKEN
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue, Room 7-5395
P.O. Box 36028
San Francisco, California 94102-3463
Telephone: (415) 436-6644
Telefax: (415) 436-6632
E-mail: jeanne.franken@usdoj.gov

Of Counsel:
PATRICIA E. BYRNE
Attorney Adviser
Office of Chief Counsel
Maritime Administration
U.S. Department of Transportation
400 Seventh Street, SW, Room 7313
Washington, D.C. 20530
Telephone: (202) 366-5172

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Civil No.: CV07-6162 BZ |
| Plaintiff, | ) AT LAW AND IN ADMIRALTY |
| v. | ) |
| Tackle, apparel, furnishings, spares, tools, equipment and certain other appurtenances of the SS INDEPENDENCE (O.N. 261147), in rem, | ) SECOND CASE MANAGEMENT STATEMENT BY PLAINTIFF UNITED STATES |
| Defendant. | ) Conference: August 4, 2008 |
| | ) Time: 4:00 PM |

Pursuant to this Court's orders, the Local Rules of Court and the Federal Rules of

Civil Procedure, plaintiff United States submits a second case management conference

1    statement.  No appearance has been made on behalf of the defendant res, by any alleged

2    owner, or by any other lien claimant.

3    1.    Jurisdiction and Service:

4        This is a ship mortgage foreclosure action in admiralty by the United States of

5    America, pursuant to Rule 9(h) of the Fed.R.Civ.Pro., against certain furnishings, equipment,

6    appurtenances, etc., of the vessel previously known as the SS INDEPENDENCE, in rem.

7    The aforesaid defendant items remain at an office of the United States Maritime

8    Administration ("MARAD") in San Francisco and in its warehouse in Alameda, within this

9    District and the jurisdiction of this Court.  The Government previously foreclosed on the ship

10   in a proceeding in the Eastern District of California, where the vessel was sold and its sale

11   confirmed, in partial satisfaction of its indebtedness to the Government under the mortgage.

12   A significant deficiency remains.  Pursuant to this Court's process, the defendant items were

13   arrested in San Francisco and Alameda, and turned over to the Court appointed substitute

14   custodian at MARAD for safekeeping.  Notice of the arrest was duly published.  No

15   intervenors appeared within the applicable time limits.  Application was thereafter made for

16   entry of default by the Clerk against the defendant items and future intervenors, if any, and

17   the Clerk entered default as to the defendant only.  Inventories have also now been

18   performed.

19   2.    Facts:

20       The owner of the SS INDEPENDENCE defaulted on Government guaranteed

21   obligations which led to the turn over of the ship and its equipment, appurtenances, etc., to

22   MARAD after relief from the Bankruptcy stay was obtained; the movement of the vessel to

23   and its arrest in the Eastern District of California; and the  eventual sale of the ship in that

24   District in partial satisfaction of the amount owing to the Government.  Some equipment and

25   appurtenances of the ship, mostly from its gift shop, were retained for safekeeping in

26   MARAD facilities in the Northern District of California, and are now the subject of this

27

28

separate admiralty foreclosure action.

3.   Legal Issues:

No appearance on behalf of the defendant res was made; default has now been entered against the defendant res, pursuant to Federal Rule of Civil Procedure 55 (a); and no parties have intervened.   Accordingly, it does not appear that the Government's claims will be challenged.

4.   Motions:

The United States anticipates moving for interlocutory sale of the defendant items by the Marshal once a few issues about how to handle such a sale are resolved.  Confirmation of the sale thereafter, and entry of final judgment will likely conclude this action.

5.   Amendment of Pleadings:

None anticipated at this time.

6.   Evidence Preservation:

The documents presented with the Complaint constitute the primary evidence of the mortgage and the obligations in this case.  Otherwise, the client agency has been instructed to preserve its files.

7.   Disclosures:

No other parties have appeared.  The basic documents in support of the Government's case are attached to its Complaint.

8.   Discovery:

None anticipated at this time.

9.   Class Actions:

Not applicable.

10.   Related Cases:

None are know to be presently pending.  The aforementioned action against the vessel in the Eastern District has been concluded.

11.     <u>Relief</u>:

        The United States seeks to sell the defendant appurtenances in an admiralty sale and apply the proceeds to the outstanding deficiency.

12.     <u>Settlement and ADR</u>:

        This does not appear necessary.

13.     <u>Consent to Magistrate Judge for All Purposes</u>:

        The United States has so consented.

14.     <u>Other References</u>:

        Nothing.

15.     <u>Narrowing of Issues</u>:

        Nothing.

16.     <u>Expedited Schedule</u>:

        Once an appropriate methodology has been finalized, the United States intends to move for interlocutory sale of the defendant items, <u>in rem</u>, which, upon confirmation of the sale and distribution of any proceeds therefrom, will likely conclude this case.

17.     <u>Scheduling</u>:

        The United States suggests a further case management conference, if necessary, in 4 months time.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

18. <u>Trial</u>:

At this time it appears that a trial will not be necessary in this case.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:

None are known to the United States at this time.

Dated: July 16, 2008                    GREGORY G. KATSAS
                                        Acting Assistant Attorney General
                                        JOSEPH P. RUSSONIELLO
                                        United States Attorney
                                        R. MICHAEL UNDERHILL
                                        Attorney in Charge
                                        West Coast Office


                                        ___/s/ Jeanne M. Franken_____
                                        JEANNE M. FRANKEN
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Torts Branch, Civil Division

                                        Of Counsel:
                                        PATRICIA E. BYRNE
                                        Attorney Adviser
                                        Office of Chief Counsel
                                        Maritime Administration
                                        U.S. Department of Transportation

                                        Attorneys for Plaintiff
                                        United States of America