UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>Tackle, apparel, furnishings, spares, tools, equipment and certain other appurtenances of the SS INDEPENDENCE (O.N. 261147), in rem,<br><br>        Defendant(s). | No. C07-6162 BZ<br><br>**ORDER FOR INTERLOCUTORY SALE OF VESSEL APPURTENANCES, PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE E(9)(b)** |

The in rem defendant herein, the tackle, apparel, furnishings, spares, tools, equipment and certain other appurtenances of the vessel SS INDEPENDENCE (Official Number 261147), ("the Vessel Appurtenances") in rem, having been arrested on behalf of the United States pursuant to process by this Court; and the owner of the Vessel, Great Pacific NW Cruise Line, L.L.C., having abandoned said Vessel Appurtenances, and not having appeared herein and having failed to file a verified statement of right or interest, and answer, on behalf of said appurtenances pursuant to

1

Supplemental Admiralty Rule C(6) of the Fed.R.Civ.P.; and no person or other entity having sought release of said defendant Vessel Appurtenances pending the action pursuant to the procedures set forth in Supplemental Admiralty Rule E(5); and no person or other entity having intervened in this action; and entry of default having been made by the Clerk against said defendant Vessel Appurtenances, in rem; and *custodia legis* fees and administrative expenses having been accruing; and said defendant Vessel Appurtenances having been subject to normal and unavoidable deterioration, decay, injury and damage by being detained in custody pending the outcome of the action; and the Court, having considered all the pleadings herein and the documents submitted in this matter, and good cause appearing, **IT IS HEREBY ORDERED AS FOLLOWS:**

(1) Pursuant to Supplemental Admiralty Rule E(9)(b), and in accordance with Adm. L.R. 9-2, the in rem defendant herein, to wit, the arrested res consisting of certain tackle, apparel, furnishings, spares, tools, equipment and certain other Appurtenances of the vessel SS INDEPENDENCE (Official Number 261147), shall be sold at public auction by the Marshal for this District, as is, where is, free and clear of any claims, liens, maritime liens, rights in rem, rights of redemption, or encumbrances whatsoever, on the notice as below further described;

(2) The Marshal is directed to give public notice of public sale by advertising in the Daily Journal of Commerce, a newspaper of general circulation, for a total of six consecutive publication days before the date of sale;

1    (3)  The United States is authorized to supplement the
2 foregoing sale advertisements by placing its own
3 advertisements, at its discretion;
4    (4)  All charges incurred by the Marshal and the United
5 States for the advertisement of sale shall be expenses of sale
6 and administrative costs herein;
7    (5)  The form of Notice of Sale attached as Exhibit "A"
8 is approved;
9    (6)  The Marshal and Substitute Custodian shall, upon
10 reasonable notice and after the signing of a hold harmless
11 agreement, in favor of the Marshal, the Substitute Custodian
12 and the United States, allow prospective purchasers to enter
13 the premises of the Maritime Administration in Alameda and in
14 San Francisco by pre-arrangement and at their own risk for
15 purposes of reasonable inspection of said Vessel
16 Appurtenances;
17    (7)  The sale shall be conducted by the Marshal in the
18 Plaza at the main entrance to the United States Courthouse,
19 450 Golden Gate Avenue, San Francisco, California on Tuesday,
20 March 24, 2009, commencing at 10:00 a.m.;
21    (8)  The sale of the defendant Vessel Appurtenances shall
22 be conducted in the following manner:
23    (a) Sale shall be to the highest and best bidder who,
24 pursuant to applicable laws, is eligible to purchase and own
25 said Vessel Appurtenances;
26    (b) All bidders will be expected to register with the
27 Marshal before the sale;
28    (c) Prospective bidders are to be informed at the

3

1  beginning of the sale that only valid bids may be made, and
2  that anyone bidding without the ability to meet the
3  requirements of this Order or any applicable statute, or who
4  disrupts the sale, will be considered to be in violation of an
5  Order of the Court, and will be subject to appropriate
6  sanctions, including, but not limited to, the costs of the
7  sale, any resale, and any additional custodia legis
8  administrative expenses incurred as a result of said actions;

9     (d) Subject to the provisions of Paragraph (e) below, the
10 highest and best bidder at the sale shall be required to
11 deliver to the Marshal at the time of said sale, by cash
12 (United States currency), certified check or cashier's check
13 issued by a member bank of the Federal Reserve System, a
14 deposit amounting to the full purchase price if it does not
15 exceed $1,000, and otherwise $1,000 or ten percent of the bid,
16 whichever is greater, the balance to be paid in cash (United
17 States currency), certified check, or cashier's check issued
18 by a member bank of the Federal Reserve System to the Marshal
19 before confirmation of sale or within 3 (three) court days of
20 dismissal of any opposition which may have been filed;

21     (e)  Notwithstanding any of the foregoing provisions of
22 Paragraph (d) above, or any other paragraph of this Order,
23 plaintiff, United States of America, may credit bid at said
24 sale on said Vessel Appurtenances, for the purposes of the
25 sale only, up to the maximum of its preferred mortgage
26 interests as asserted in its complaint and the Declaration
27 submitted in support of the sale motion, said amount for the
28 purpose of entry of judgment to be subject to further proof,

4

1  without being required to deliver any earnest money to the
2  Marshal, said bid, if successful, being deemed paid in full,
3  for purposes of confirmation of the sale herein, on the date
4  said bid of the United States is made;
5       (f) Neither the owner of said defendant Vessel
6  Appurtenances, nor anyone acting on its behalf, may bid at the
7  sale without an order of the Court;
8       (g) The minimum acceptable bid on the Vessel
9  Appurtenances shall be $10,000.00 (Ten Thousand United States
10 Dollars and No Cents);
11      (h) After commencement of bidding at an amount equal to
12 or greater than the minimum opening bid, bidding increments
13 thereafter shall be in the amount of $1,000.00 (One Thousand
14 United States Dollars and No Cents) or more;
15      (9)  At the conclusion of the sale, the Marshal shall
16 forthwith file a written report to the court of the fact of
17 sale, the price obtained and the name and address of the
18 buyer.  The clerk of the court shall endorse upon such report
19 the time and date of its filing.  If within 3 court days no
20 written objection is filed, the sale shall stand confirmed as
21 of course, without the necessity of any affirmative action
22 thereon by the Court, and the clerk upon request shall so
23 state to the Marshal in writing; except that no sale shall
24 stand confirmed until the buyer has complied fully with the
25 terms of his purchase.  If no opposition to the sale is filed,
26 the expenses of keeping the property pending confirmation of
27 sale shall be charged against the party bearing expenses
28 before the sale (subject to taxation as costs), except that if

confirmation is delayed by the purchaser's failure to pay any balance which is due on the price, the cost of keeping the property subsequent to the 3-day period specified above shall be borne by the purchaser;

(10) Any party, person or entity filing an opposition to the sale of the defendant Vessel Appurtenances shall give prompt notice to all other parties and to the highest bidder and, also, secure the Marshal's endorsement upon said opposition documents, acknowledging deposit with the Marshal of the necessary expense of keeping the defendant Vessel Appurtenances for at least five (5) days, and further, shall also advance any further expenses at such times and in such amounts as the Marshal shall request or as the Court orders upon application of the Marshal or one or more of the parties;

(11) If an objection to sale is filed in accordance with the above requirements, or if the highest bidder at such sale is in default, the Marshal, the objector, the highest bidder if not in default, or a party may move the Court for relief, which motion for relief shall be heard within ten (10) days of filing upon written notice to the Marshal, the highest bidder, and all parties;

(12) Upon the motion as aforesaid, the Court may confirm such sale, order a new sale, or grant such other relief as justice may require;

(13) If the Court denies the aforesaid motion, said party opposing the confirmation of the sale shall be responsible for payment of the necessary expenses of keeping the defendant Vessel Appurtenances from the date of the filing

of the opposition until the date of the confirmation of the original sale and said expenses shall not be recoverable as an administrative cost;

(14)  If the Court grants the motion opposing the confirmation of the sale, all monies deposited as necessary expenses of keeping the defendant Vessel Appurtenances by said party opposing the confirmation shall be reimbursed to said party immediately, and said expenses of keeping the defendant Vessel Appurtenances shall be immediately paid by the arresting party to the Marshal and may be recoverable as an administrative cost;

(15)  Any person not the highest bidder at the sale, at any time prior to confirmation thereof, may upset the highest bid on the defendant Vessel Appurtenances by depositing, in full, with the Marshal, in cash (United States currency), certified check or cashier's check issued by a member bank of the Federal Reserve System, an amount which totals not less than ten per centum (10%) higher than any earlier highest bid, except that plaintiff, United States of America, may submit an upset credit bid up to the maximum of its preferred mortgage interests and advances, without being required to deliver any earnest money to the Marshal, said bid being deemed paid in full on the date said bid is made, in an amount which totals not less than ten per centum (10%) higher than any earlier highest bid, and the Marshal shall immediately, *ex parte* in writing, request the Court set a date for further auction and confirmation of that sale, said reopened auction and confirmation hearing to take place within ten (10) days of the

1 filing of the written request by the Marshal, with written
2 notice immediately to be given by the Marshal to the initial
3 highest bidder, and bidders who qualify under this paragraph,
4 and to all parties, of the highest bid submitted and the date
5 set by the Court for the reopened auction and confirmation of
6 sale;

7     (16) At the hearing set for the reopened auction and
8 confirmation of sale, the Marshal within the presence of the
9 Court will reopen the auction to the initial highest bidder
10 and any other bidders who have submitted bids in conformity
11 with the next above paragraph and thereby qualify to bid at
12 the reopened auction, and the auction will proceed in
13 accordance with the terms of the initial auction as previously
14 set forth herein insofar as not inconsistent with the
15 provisions herein pertaining to the reopening of the auction
16 and the confirmation thereof, except that the opening bid
17 shall be the highest bid submitted to the Marshal in
18 accordance with the next above paragraph, and the highest
19 bidder upon completion of the reopened auction shall
20 immediately, or as otherwise determined by the Court, submit
21 the total amount of the bid to the Marshal, except that if the
22 United States is the successful bidder, the credit bid shall
23 be deemed paid in full upon confirmation by the Court, and the
24 Court shall then confirm the sale at that time;

25     (17) If the United States is the successful bidder, the
26 amount of the Government's successful bid on the defendant
27 Vessel appurtenances shall be considered as being maintained
28 in a fund or funds in Washington, D.C., by the Department of

Transportation, United States Maritime Administration, with interest being deemed accrued thereon at the rate established by 28 U.S.C. §1961, said fund to be treated as the proceeds of sale herein pending further orders of the Court;

(18)  If the United States is the successful bidder, based upon its credit bid, or if another bidder is successful and creates a "cash" fund, the respective fund created shall be liable for payment only of claims or liens which are adjudged to be valid claims and liens and, in any event such liability of the United States' credit bid fund or the "cash" fund shall not exceed the amount of the respective fund, less authorized custodia legis expenses, commission, and administrative fees of the Marshal and of the custodian of the Vessel appurtenances;

(19)  If a party other than the United States is the successful bidder on the defendant Vessel appurtenances, the proceeds of sale deposited into the Registry of this Court shall be promptly invested by the Clerk of this Court in accordance with the standard practices of the Clerk of the Court, with a bank of the Clerk's choice, such fund to be invested and to be so held and from time to time similarly reinvested as necessary pending further Order of this Court directing the investment of the fund and pending further Order of this Court authorizing distribution thereof;

(20)  The Marshal is hereby authorized to require advances to the extent deemed necessary by the Marshal to cover any costs and expenses directly required in connection with the sale of the defendant Vessel appurtenances, said

costs and expenses to constitute administrative costs;

(20) All custodial expenses of the defendant Vessel appurtenances, incurred by or on behalf of the Marshal subsequent to the arrest of same, including custodial expenses incurred by or on behalf of the Substitute Custodian, shall be deemed to be administrative expenses of the Marshal and shall be reimbursed immediately out of the proceeds of the sale, subject to Court approval;

(21) All properly filed and perfected maritime liens and other interests permitted by law in accordance with Orders of this Court related thereto, shall attach to the net proceeds of the sale of the defendant Vessel Appurtenances, insofar as any said liens or interests have already attached to the in rem defendant at the time of the sale ordered herein.

Dated: February 4, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\US V. SS INDEPENDENCE\FINAL ORDER RE SALE OF APPURTENANCES.wpd