UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. C07-6162 BZ |
| v. | ) | **Amended** |
| | ) | **ORDER FOR INTERLOCUTORY SALE** |
| Tackle, apparel, | ) | **OF VESSEL APPURTENANCES,** |
| furnishings, spares, tools, | ) | **PURSUANT TO SUPPLEMENTAL** |
| equipment and certain other | ) | **ADMIRALTY RULE E(9)(b)** |
| appurtenances of the SS | ) | |
| INDEPENDENCE (O.N. 261147), | ) | |
| in rem, | ) | |
| | ) | |
| Defendant(s). | ) | |

The in rem defendant herein, the tackle, apparel,

furnishings, spares, tools, equipment and certain other

appurtenances of the vessel SS INDEPENDENCE (Official Number

261147), ("the Vessel Appurtenances") in rem, having been

arrested on behalf of the United States pursuant to process by

this Court; and the owner of the Vessel, Great Pacific NW

Cruise Line, L.L.C., having abandoned said Vessel

Appurtenances, and not having appeared herein and having

failed to file a verified statement of right or interest, and

answer, on behalf of said appurtenances pursuant to

1

1    Supplemental Admiralty Rule C(6) of the Fed.R.Civ.P.; and no

2    person or other entity having sought release of said defendant

3    Vessel Appurtenances pending the action pursuant to the

4    procedures set forth in Supplemental Admiralty Rule E(5); and

5    no person or other entity having intervened in this action;

6    and entry of default having been made by the Clerk against

7    said defendant Vessel Appurtenances, in rem; and *custodia*

8    *legis* fees and administrative expenses having been accruing;

9    and said defendant Vessel Appurtenances having been subject to

10   normal and unavoidable deterioration, decay, injury and damage

11   by being detained in custody pending the outcome of the

12   action; and the Court, having considered all the pleadings

13   herein and the documents submitted in this matter, and good

14   cause appearing, **IT IS HEREBY ORDERED AS FOLLOWS:**

15       (1)   Pursuant to Supplemental Admiralty Rule E(9)(b), and

16   in accordance with Adm. L.R. 9-2, the in rem defendant herein,

17   to wit, the arrested res consisting of certain tackle,

18   apparel, furnishings, spares, tools, equipment and certain

19   other Appurtenances of the vessel SS INDEPENDENCE (Official

20   Number 261147), shall be sold at public auction by the Marshal

21   for this District, as is, where is, free and clear of any

22   claims, liens, maritime liens, rights in rem, rights of

23   redemption, or encumbrances whatsoever, on the notice as below

24   further described;

25       (2)   The Marshal is directed to give public notice of

26   public sale by advertising in the San Francisco Daily Journal,

27   a newspaper of general circulation, for a total of six

28   consecutive publication days before the date of sale;

1    (3)   The United States is authorized to supplement the

2    foregoing sale advertisements by placing its own

3    advertisements, at its discretion;

4    (4)   All charges incurred by the Marshal and the United

5    States for the advertisement of sale shall be expenses of sale

6    and administrative costs herein;

7    (5)   The form of Notice of Sale attached as Exhibit "A"

8    is approved;

9    (6)   The Marshal and Substitute Custodian shall, upon

10   reasonable notice and after the signing of a hold harmless

11   agreement, in favor of the Marshal, the Substitute Custodian

12   and the United States, allow prospective purchasers to enter

13   the premises of the Maritime Administration in Alameda and in

14   San Francisco by pre-arrangement and at their own risk for

15   purposes of reasonable inspection of said Vessel

16   Appurtenances;

17   (7)   The sale shall be conducted by the Marshal in the

18   Plaza at the main entrance to the United States Courthouse,

19   450 Golden Gate Avenue, San Francisco, California on Tuesday,

20   March 24, 2009, commencing at 10:00 a.m.;

21   (8)   The sale of the defendant Vessel Appurtenances shall

22   be conducted in the following manner:

23   (a) Sale shall be to the highest and best bidder who,

24   pursuant to applicable laws, is eligible to purchase and own

25   said Vessel Appurtenances;

26   (b) All bidders will be expected to register with the

27   Marshal before the sale;

28   (c) Prospective bidders are to be informed at the

1   beginning of the sale that only valid bids may be made, and

2   that anyone bidding without the ability to meet the

3   requirements of this Order or any applicable statute, or who

4   disrupts the sale, will be considered to be in violation of an

5   Order of the Court, and will be subject to appropriate

6   sanctions, including, but not limited to, the costs of the

7   sale, any resale, and any additional custodia legis

8   administrative expenses incurred as a result of said actions;

9       (d) Subject to the provisions of Paragraph (e) below, the

10  highest and best bidder at the sale shall be required to

11  deliver to the Marshal at the time of said sale, by cash

12  (United States currency), certified check or cashier's check

13  issued by a member bank of the Federal Reserve System, a

14  deposit amounting to the full purchase price if it does not

15  exceed $1,000, and otherwise $1,000 or ten percent of the bid,

16  whichever is greater, the balance to be paid in cash (United

17  States currency), certified check, or cashier's check issued

18  by a member bank of the Federal Reserve System to the Marshal

19  before confirmation of sale or within 3 (three) court days of

20  dismissal of any opposition which may have been filed;

21       (e)   Notwithstanding any of the foregoing provisions of

22  Paragraph (d) above, or any other paragraph of this Order,

23  plaintiff, United States of America, may credit bid at said

24  sale on said Vessel Appurtenances, for the purposes of the

25  sale only, up to the maximum of its preferred mortgage

26  interests as asserted in its complaint and the Declaration

27  submitted in support of the sale motion, said amount for the

28  purpose of entry of judgment to be subject to further proof,

4

1   without being required to deliver any earnest money to the

2   Marshal, said bid, if successful, being deemed paid in full,

3   for purposes of confirmation of the sale herein, on the date

4   said bid of the United States is made;

5        (f) Neither the owner of said defendant Vessel

6   Appurtenances, nor anyone acting on its behalf, may bid at the

7   sale without an order of the Court;

8        (g) The minimum acceptable bid on the Vessel

9   Appurtenances shall be $10,000.00 (Ten Thousand United States

10  Dollars and No Cents);

11       (h) After commencement of bidding at an amount equal to

12  or greater than the minimum opening bid, bidding increments

13  thereafter shall be in the amount of $1,000.00 (One Thousand

14  United States Dollars and No Cents) or more;

15       (9)  At the conclusion of the sale, the Marshal shall

16  forthwith file a written report to the court of the fact of

17  sale, the price obtained and the name and address of the

18  buyer.  The clerk of the court shall endorse upon such report

19  the time and date of its filing.  If within 3 court days no

20  written objection is filed, the sale shall stand confirmed as

21  of course, without the necessity of any affirmative action

22  thereon by the Court, and the clerk upon request shall so

23  state to the Marshal in writing; except that no sale shall

24  stand confirmed until the buyer has complied fully with the

25  terms of his purchase.  If no opposition to the sale is filed,

26  the expenses of keeping the property pending confirmation of

27  sale shall be charged against the party bearing expenses

28  before the sale (subject to taxation as costs), except that if

1  confirmation is delayed by the purchaser's failure to pay any

2  balance which is due on the price, the cost of keeping the

3  property subsequent to the 3-day period specified above shall

4  be borne by the purchaser;

5       (10)  Any party, person or entity filing an opposition to

6  the sale of the defendant Vessel Appurtenances shall give

7  prompt notice to all other parties and to the highest bidder

8  and, also, secure the Marshal's endorsement upon said

9  opposition documents, acknowledging deposit with the Marshal

10  of the necessary expense of keeping the defendant Vessel

11  Appurtenances for at least five (5) days, and further, shall

12  also advance any further expenses at such times and in such

13  amounts as the Marshal shall request or as the Court orders

14  upon application of the Marshal or one or more of the parties;

15       (11)  If an objection to sale is filed in accordance with

16  the above requirements, or if the highest bidder at such sale

17  is in default, the Marshal, the objector, the highest bidder

18  if not in default, or a party may move the Court for relief,

19  which motion for relief shall be heard within ten (10) days of

20  filing upon written notice to the Marshal, the highest bidder,

21  and all parties;

22       (12)  Upon the motion as aforesaid, the Court may confirm

23  such sale, order a new sale, or grant such other relief as

24  justice may require;

25       (13)  If the Court denies the aforesaid motion, said

26  party opposing the confirmation of the sale shall be

27  responsible for payment of the necessary expenses of keeping

28  the defendant Vessel Appurtenances from the date of the filing

1   of the opposition until the date of the confirmation of the

2   original sale and said expenses shall not be recoverable as an

3   administrative cost;

4        (14)  If the Court grants the motion opposing the

5   confirmation of the sale, all monies deposited as necessary

6   expenses of keeping the defendant Vessel Appurtenances by said

7   party opposing the confirmation shall be reimbursed to said

8   party immediately, and said expenses of keeping the defendant

9   Vessel Appurtenances shall be immediately paid by the

10  arresting party to the Marshal and may be recoverable as an

11  administrative cost;

12       (15)  Any person not the highest bidder at the sale, at

13  any time prior to confirmation thereof, may upset the highest

14  bid on the defendant Vessel Appurtenances by depositing, in

15  full, with the Marshal, in cash (United States currency),

16  certified check or cashier's check issued by a member bank of

17  the Federal Reserve System, an amount which totals not less

18  than ten per centum (10%) higher than any earlier highest bid,

19  except that plaintiff, United States of America, may submit an

20  upset credit bid up to the maximum of its preferred mortgage

21  interests and advances, without being required to deliver any

22  earnest money to the Marshal, said bid being deemed paid in

23  full on the date said bid is made, in an amount which totals

24  not less than ten per centum (10%) higher than any earlier

25  highest bid, and the Marshal shall immediately, *ex parte* in

26  writing, request the Court set a date for further auction and

27  confirmation of that sale, said reopened auction and

28  confirmation hearing to take place within ten (10) days of the

1   filing of the written request by the Marshal, with written

2   notice immediately to be given by the Marshal to the initial

3   highest bidder, and bidders who qualify under this paragraph,

4   and to all parties, of the highest bid submitted and the date

5   set by the Court for the reopened auction and confirmation of

6   sale;

7     (16)  At the hearing set for the reopened auction and

8   confirmation of sale, the Marshal within the presence of the

9   Court will reopen the auction to the initial highest bidder

10  and any other bidders who have submitted bids in conformity

11  with the next above paragraph and thereby qualify to bid at

12  the reopened auction, and the auction will proceed in

13  accordance with the terms of the initial auction as previously

14  set forth herein insofar as not inconsistent with the

15  provisions herein pertaining to the reopening of the auction

16  and the confirmation thereof, except that the opening bid

17  shall be the highest bid submitted to the Marshal in

18  accordance with the next above paragraph, and the highest

19  bidder upon completion of the reopened auction shall

20  immediately, or as otherwise determined by the Court, submit

21  the total amount of the bid to the Marshal, except that if the

22  United States is the successful bidder, the credit bid shall

23  be deemed paid in full upon confirmation by the Court, and the

24  Court shall then confirm the sale at that time;

25    (17)  If the United States is the successful bidder, the

26  amount of the Government's successful bid on the defendant

27  Vessel appurtenances shall be considered as being maintained

28  in a fund or funds in Washington, D.C., by the Department of

1   Transportation, United States Maritime Administration, with

2   interest being deemed accrued thereon at the rate established

3   by 28 U.S.C. §1961, said fund to be treated as the proceeds of

4   sale herein pending further orders of the Court;

5        (18)  If the United States is the successful bidder,

6   based upon its credit bid, or if another bidder is successful

7   and creates a "cash" fund, the respective fund created shall

8   be liable for payment only of claims or liens which are

9   adjudged to be valid claims and liens and, in any event such

10   liability of the United States' credit bid fund or the "cash"

11   fund shall not exceed the amount of the respective fund, less

12   authorized custodia legis expenses, commission, and

13   administrative fees of the Marshal and of the custodian of the

14   Vessel appurtenances;

15        (19)  If a party other than the United States is the

16   successful bidder on the defendant Vessel appurtenances, the

17   proceeds of sale deposited into the Registry of this Court

18   shall be promptly invested by the Clerk of this Court in

19   accordance with the standard practices of the Clerk of the

20   Court, with a bank of the Clerk's choice, such fund to be

21   invested and to be so held and from time to time similarly

22   reinvested as necessary pending further Order of this Court

23   directing the investment of the fund and pending further Order

24   of this Court authorizing distribution thereof;

25        (20)  The Marshal is hereby authorized to require

26   advances to the extent deemed necessary by the Marshal to

27   cover any costs and expenses directly required in connection

28   with the sale of the defendant Vessel appurtenances, said

9

1    costs and expenses to constitute administrative costs;

2         (20)   All custodial expenses of the defendant Vessel

3    appurtenances, incurred by or on behalf of the Marshal

4    subsequent to the arrest of same, including custodial expenses

5    incurred by or on behalf of the Substitute Custodian, shall be

6    deemed to be administrative expenses of the Marshal and shall

7    be reimbursed immediately out of the proceeds of the sale,

8    subject to Court approval;

9         (21)   All properly filed and perfected maritime liens and

10   other interests permitted by law in accordance with Orders of

11   this Court related thereto, shall attach to the net proceeds

12   of the sale of the defendant Vessel Appurtenances, insofar as

13   any said liens or interests have already attached to the in

14   rem defendant at the time of the sale ordered herein.

15

16   Dated: February 18, 2009

17

18   _____
                          Bernard Zimmerman
19                        United States Magistrate Judge

20

21   G:\BZALL\-BZCASES\US V. SS INDEPENDENCE\FINAL ORDER RE SALE OF
     APPURTENANCES.wpd

22

23

24

25

26

27

28

                              10